FILED

07/25/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0443

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF AMANDA M. GORDON, <br><br> An Attorney at Law, <br><br> Respondent. | Supreme Court Cause No. <br><br> ODC File No. 24-042 <br><br> **COMPLAINT** <br><br> **Rules 1.1, 1.5, 1.8, 1.15, 1.18, and 3.6, MRPC** |

By leave of the Commission on Practice granted on July 16, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Amanda M. Gordon with professional misconduct as follows:

### General Allegations

1. Amanda M. Gordon, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2010, at which time she took the oath required for admission, wherein she agreed to abide by the Rules of

*Complaint* - Page 1

Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct (MRPC), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. At all times pertinent to the Complaint, Respondent worked as a sole-practitioner, primarily practicing criminal defense throughout Montana.

4. S.H. was charged with Deliberate Homicide in Flathead County in January 2023. S.H. was represented by two (2) public defenders until six (6) weeks prior to trial, when on November 29, 2023, a Stipulation for Substitution of Counsel was filed, and Respondent assumed S.H.'s representation. Respondent was informed by the Court's Order that all attorneys in the matter were expected to be prepared to proceed to trial on January 6, 2024. After a four-day jury trial, S.H. was convicted of Deliberate Homicide, and sentenced on April 4, 2024, with other court appointed counsel.

## Count One

5. ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations as if fully restated in this Count One.

*Complaint* - Page 2

6. On January 16, 2024, following the first day of trial, Respondent made a series of posts about the trial on her Facebook page. The Facebook posts discussed specific evidence presented that day.

7. On the last day of trial, Respondent posted that the jury had just gone out. Then later that evening, after S.H. was convicted, Respondent engaged in a conversation on her Facebook page with the managing attorney of the Kalispell Office of Public Defender wherein she accused the County Attorney's office and S.H.'s former counsel of corruption and lying.

8. The presiding judge viewed Respondent's posts, as well as the discussion with the managing attorney.

9. Respondent's statements on her Facebook page posed a significant risk of prejudicing the proceeding. Respondent's conduct outlined above constitutes a violation of Rule 3.6, Trial Publicity, MRPC.

## Count Two

10. ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations and paragraphs 5 through 9 as if fully restated in this Count Two.

11. Immediately following the trial, Respondent left the country on an extended vacation. On February 16, 2024, S.H. notified the Court that he had not communicated with Respondent since the conclusion of his trial and that he and his

//

*Complaint* - Page 3

family's attempts to contact her had been unsuccessful. S.H. also indicated that he had no written contract with Respondent.

12. The Court emailed Respondent asking her to confirm the status of her representation of S.H. Respondent responded and disputed S.H.'s version of events and that she intended to continue the representation. The Court then set a representation hearing for February 22, 2024.

13. On the date of the hearing, the Court learned that Respondent's law license was suspended and placed on inactive status on February 9, 2024, for failing to comply with Continuing Legal Education ("CLE") requirements. As a result, the Court removed Respondent as counsel of record and ordered the appointment of counsel for S.H.

14. Respondent's failure to properly obtain and report her necessary CLE credits impacted her representation of S.H. as she was unable to appear on February 22 to address her client and the Court's concerns regarding her representation. Respondent was unable to appropriately withdraw due to her suspended/inactive status.

15. Respondent's conduct outlined above constitutes a violation of Rule 1.1, Competence, MRPC.

//

//

## Count Three

16.     ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations and paragraphs 5 through 15 as if fully restated in this Count Three.

17.     Respondent charged S.H. a $75,000 flat fee for her representation, which S.H.'s mother paid in full. Respondent advised S.H.'s mother the case would be taken on a flat fee basis and no hourly accounting would be provided.

18.     Respondent failed to obtain written informed consent from S.H. for accepting compensation from his mother for her representation.

19.     While Respondent indicated to ODC that S.H. gave her permission to discuss the case with his mother, Respondent failed to obtain a written waiver.

20.     Respondent failed to reduce her agreement with S.H. and his mother to writing explaining both her fees, the scope of representation, clearly defining who the client is and with whom she could discuss confidential client information.

21.     Respondent's conduct outlined above constitutes a violation of Rule 1.5, Fee Agreement, and Rule 1.8, Conflict of Interest, MRPC.

## Count Four

22.     ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations and paragraphs 5 through 21 as if fully restated in this Count Four.

//

//

*Complaint* - Page 5

23. Respondent failed to place any of the $75,000 into her IOLTA/Trust Account. Respondent deposited all of her clients' funds into her operating account and treated the entirety of the monies as "earned upon receipt."

24. Respondent was unable to produce itemized invoices or timekeeping records to show she had earned the entirety of S.H.'s fees at the time she collected them. Respondent did not create or maintain a client ledger.

25. Respondent's conduct outlined above constitutes a violation of Rule 1.15, Safekeeping Property, and Rule 1.18, IOLTA Program, MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 24 day of July, 2024.

OFFICE OF DISCIPLINARY COUNSEL

By: _Pamela D. Bucy_
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 7